IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AHNOH JAY BARNEY,<br><br>Defendant. | CR 18-61-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 59) (citing 18 U.S.C. § 3401(i)).

On June 15, 2022, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to a sentence of time served followed by 30 months of supervised release.

**I.      Background**

In 2018, Defendant pled guilty to Count I of the Indictment, which charged the offense of assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153(a) and 113(a)(3). (Doc. 15.) On January 8, 2019, the Court sentenced him to 33 months imprisonment, to be followed by 3 years supervised release. (Doc. 33.)

1

Defendant began serving his term of supervised release on November 24, 2020.

On January 6, 2021, Defendant's supervised release was revoked for alcohol use and commission of a local crime. (Doc. 48.) He was sentenced to 4 months imprisonment followed by 32 months supervised release. (*Id.*)

Defendant began his second period of supervised release on March 23, 2021. (Doc. 50.)

On March 30, 2021, the United States Probation Office filed the initial petition now at issue. (*Id.*) Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 51.) On May 3, 2021, Defendant was arrested by the Northern Cheyenne Bureau of Indian Affairs (BIA) for domestic abuse and drug abuse. Defendant ultimately pled guilty to both charges and spent over a year in tribal custody.

Following his tribal incarceration, Defendant was arrested on May 24, 2022. (Doc. 58.) That same day, the probation office filed an amended petition. (Doc. 52.) The amended petition alleges that Defendant violated his conditions of supervised release by failing to report to the probation office (Violation 1) and by committing a local crime (Violation 2). (*Id.*) On May 26, 2022, Defendant made an initial appearance. (Doc. 53.) Defendant, represented by counsel, stated that he had read the amended petition and waived a preliminary hearing. (*Id.*) The Court set the final revocation hearing for June 15, 2022. (*Id.*) The Court remanded

Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (*Id.*) On May 31, 2022, Judge Christensen referred to the undersigned the amended petition and final hearing on revocation of supervised release. (Doc. 59.)

## II. Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Steven C. Babcock. Colin Rubich represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocate before Judge Christensen prior to his imposition of sentence. After consenting to proceed before the undersigned, Defendant admitted all of the violations as alleged in the amended petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is I, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 3-9 months incarceration. Defendant could also be sentenced to as much as 32 months supervised release, less any incarceration time imposed. Mr. Rubich and Mr. Babcock agreed with those calculations.

Mr. Rubich and Mr. Babcock both recommended a sentence of time served. Defendant addressed the Court and expressed his desire to obtain treatment.

## III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to time served, followed by 30 months supervised release. No circumstances warrant a departure from the guideline range.

This sentence takes into consideration the Defendant's desire and need for inpatient chemical dependency treatment, which is currently being arranged by Defendant's probation officer. It also considers that Defendant has already served over one year in custody for the same conduct and offenses which are alleged in Violation 2 of the amended petition.

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Christensen, and was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to the final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.  Defendant violated the condition of his supervised release that he report to his probation officer as directed by failing to report to the probation office, as instructed, on March 29, 2021; and

2.  Defendant violated the condition of his supervised release that he not commit another federal, state, or local crime when he was arrested by the Northern Cheyenne BIA on May 3, 2021, and pled guilty to domestic abuse and drug abuse offenses.

Accordingly, **IT IS RECOMMENDED** that:

The Court should revoke Defendant's supervised release and sentence Defendant to time served, followed by a 30-month term of supervised release.

**IT IS FURTHER RECOMMENDED** that the Defendant be ordered to comply with the mandatory and special conditions of supervision, which have been adopted by this Court, and that the following special conditions be imposed:

1.  You shall not have any contact with the victim(s) in the instant offense.

2.  You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches

pursuant to this condition.  You must allow seizure of suspected contraband for further examination.

    3.    You must participate in a program for mental health treatment as approved by the probation officer.  You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

    4.    You must participate in and successfully complete a program of substance abuse treatment as approved by the probation officer.  You must remain in the program until you are released by the probation officer in consultation with the treatment provider.  You must pay part or all of the costs of this treatment as directed by the probation officer.

    5.    You must abstain from the consumption of alcohol and must not enter establishments where alcohol is the primary item of sale.  You must not knowingly enter any dwelling or house where there is the active or ongoing use, abuse or consumption of alcohol or controlled substances and must not knowingly enter or stay in any dwelling or house where there is one or more persons who are consuming alcohol or participating in the consumption of alcoholic beverages or controlled substances, without the prior written approval of the supervising probation officer. You must not knowingly enter any automobile where a person

possesses or is consuming alcohol or controlled substances. You must not have any controlled substances that are not prescribed by a licensed medical doctor and supplied by a licensed medical pharmacy.

6. You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision.  You must pay part or all of the costs of testing as directed by the probation officer.

7. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state.  Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

8. You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Christensen.

    DATED this 15th day of June, 2022.

                                                 TIMOTHY J. CAVAN
                                                 United States Magistrate Judge